**Richard Sax (SBN 80632)** *richard@rsaxlaw.com*
**LAW OFFICES OF RICHARD SAX**
448 Sebastopol Avenue
Santa Rosa, CA. 95401
Telephone: (707) 525-1824
Facsimile: (707) 525-8119

Attorney for Plaintiff,
Yolanda Ferreira

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA FERREIRA<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AIR TRAN AIRWAYS, INC. and DOES 1-10, inclusive<br><br>Defendants. | CASE NO.:<br><br>COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES BASED ON NEGLIGENCE AGAINST AIRLINE |

Plaintiff alleges:

1. Plaintiff is and was at all times mentioned herein a citizen of the State of California.

2. SOUTHWEST AIRLINES CO., is a corporation incorporated under the laws of the State of Texas having its principal place of business in the State of Texas.

3. AIR TRAN AIRWAYS, INC. is a corporation incorporated under the laws of the State of Georgia having its principal place of business in the State of Georgia.

4. The jurisdiction of this Court over the subject matter of this action is predicated

on 28 USC §1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Plaintiff resides in this district.

## FIRST CAUSE OF ACTION

### Yolanda Ferreira v. ALL DEFENANTS

6. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-10, inclusive, and therefore, sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of such fictitiously named defendant is negligently responsible in some manner for the occurrences herein alleged, and that injuries as herein alleged were proximately caused by defendants acts.

7. On or about July 31, 2013, plaintiff was a passenger for reward on a certain airplane Flight No. 1646 operated by, and under the exclusive control of defendants and of their agents, servants, and employees, on defendant's flight No. 1646 from Los Angeles to Mexico. On or about July 31, 2013, plaintiff was a fare paying passenger on an airplane owned and operated by SOUTHWEST AIRLINES CO. and AIRTRAN AIRWAYS, as the airplane was flown under the control of defendants, and each of them, from Los Angeles, California to Mexico. While the airplane was in flight between Los Angeles, California and Mexico, it dropped in such a precipitous and sudden manner that plaintiff was caused to be thrown about violently, sustained the injuries hereinafter set out. Plaintiff is informed and believes, and on that ground alleges, that defendants SOUTHWEST AIRLINES CO. and AIRTRAN AIRWAYS and each of them, negligently caused the airplane to drop in this precipitous and sudden manner, causing injury to the plaintiff as set out below.

8. The airplane was equipped with seat belts at each seat for the safety of

passenger's and with a sign at the front of the airplane reading "Fasten Seat Belts," which was to be illuminated by defendant's agents, servants, and employees to warn and direct passengers to fasten their seat belts for their safety when the airplane was taking off and landing and when advisable for their safety by reason of climatic conditions or otherwise. On or about July 31, 2013, plaintiff was a fare paying passenger on an airplane owned and operated by SOUTHWEST AIRLINES CO. and AIRTRAN AIRWAYS, as the airplane was flown under the control of defendants, and each of them, from Los Angeles, California to Mexico. While the airplane was in flight between Los Angeles, California and Mexico, it dropped in such a precipitous and sudden manner that plaintiff was caused to be thrown about violently, sustained the injuries hereinafter set out. Plaintiff is informed and believes, and on that ground alleges, that defendants SOUTHWEST AIRLINES CO. and AIRTRAN AIRWAYS and each of them, negligently caused the airplane to drop in this precipitous and sudden manner, causing injury to the plaintiff as set out below.

9. Plaintiff was not an experienced air traveler and relied on defendants and their agents, servants, and employees to warn and direct her to fasten her seat belt when necessary for her safety and protection.

10. While the airplane was flying over Mexico the air and weather through which it was flying became rough and turbulent. Defendant and its agents, servants, and employees then and there negligently, recklessly, carelessly, and unlawfully failed to warn or direct plaintiff to fasten her seat belt, either by illuminating the sign reading "Fasten Seat Belts" or by any other means, and failed to take any other precautions for the safety of plaintiff, with the result that plaintiff was in the restroom and the plane took a huge dive and she hit her head on the ceiling and injured other parts of her body.

11. As a proximate result of defendant's negligence, recklessness, carelessness, and unlawful conduct as aforesaid, and by reason of plaintiff hitting her head on the ceiling of the bathroom, plaintiff was hurt and injured in her health, strength, and activity, sustaining a broken neck and many other serious injuries.

12. As a further proximate result of the negligence of the defendants plaintiff has incurred and will continue to incur medical and related expenses, the full amount of which is now not known. Plaintiff will move to amend this complaint to allege such amount when ascertained.

13. As a further proximate result of the negligence of defendants SOUTHWEST AIRLINES CO. and AIRTRAN AIRWAYS, and its agents and employees, plaintiff was prevented from attending her usual occupation as a school teacher from July 31, 2012 to the date of filing of this complaint and thereby lost earnings.

## SECOND CAUSE OF ACTION
## Yolanda Ferreira v. ALL DEFENANTS

14. Plaintiff alleges and incorporates by reference paragraphs 1 through 13, above, as though fully set forth in this action.

15. On or about July 31, 2013, plaintiff was a fare paying passenger on an airplane owned and operated by SOUTHWEST AIRLINES CO. and AIRTRAN AIRWAYS, as the airplane was flown under the control of defendants, and each of them, from Los Angeles, California to Mexico.

16. While the airplane was in flight between Los Angeles, California and Mexico, it dropped in such a precipitous and sudden manner that plaintiff was caused to be thrown about violently, sustained the injuries hereinafter set out.

17. Plaintiff is informed and believes, and on that ground alleges, that defendants SOUTHWEST AIRLINES CO. and AIRTRAN AIRWAYS and each of them, negligently caused the airplane to drop in this precipitous and sudden manner, causing injury to the plaintiff as set out below.

18. As a proximate result of defendant's negligence, recklessness, carelessness, and unlawful conduct as aforesaid, and by reason of plaintiff hitting her head on the ceiling of the bathroom, plaintiff was hurt and injured in her health, strength, and activity, sustaining a broken neck and many other serious injuries.

19. As a further proximate result of the negligence of the defendants plaintiff has

incurred and will continue to incur medical and related expenses, the full amount of which is now not known. Plaintiff will move to amend this complaint to allege such amount when ascertained.

20. As a further proximate result of the negligence of defendants SOUTHWEST AIRLINES CO. and AIRTRAN AIRWAYS, and its agents and employees, plaintiff was preventing from attending her usual occupation as a school teacher for a period of 365 days to the date of filing of this complaint and thereby lost earnings.

### THIRD CAUSE OF ACTION
### Yolanda Ferreira v. ALL DEFENDANTS

21. Plaintiff alleges and incorporates by reference paragraphs 1 through 20, above, as though fully set forth in this action.

22. Plaintiff is informed and believes, and on that ground alleges, that defendants SOUTHWEST AIRLINES CO. and AIRTRAN AIRWAYS and each of them, knew, or, in the exercise of that high degree of care for plaintiff's safety owed by them to the plaintiff herein, should have known, that the airplane would drop in a sudden and precipitous manner. Defendants, and each of them, failed to warn the plaintiff that such would occur, with the result that the plaintiff was not prepared for the dropping and was caused injury as hereinabove set out.

23. As a proximate result of defendant's negligence, recklessness, carelessness, and unlawful conduct as aforesaid, and by reason of plaintiff hitting her head on the ceiling of the bathroom, plaintiff was hurt and injured in her health, strength, and activity, sustaining a broken neck and many other serious injuries.

24. As a further proximate result of the negligence of the defendants plaintiff has incurred and will continue to incur medical and related expenses, the full amount of which is now not known. Plaintiff will move to amend this complaint to allege such amount when ascertained.

25. As a further proximate result of the negligence of defendants SOUTHWEST

AIRLINES CO. and AIRTRAN AIRWAYS, and its agents and employees, plaintiff was prevented from attending her usual occupation as a school teacher from July 31, 2012 to the date of filing of this complaint and thereby lost earnings.

### FOURTH CAUSE OF ACTION
### Yolanda Ferreira v. ALL DEFENDANTS

26. Plaintiff alleges and incorporates by reference paragraphs 1 through 25, above, as though fully set forth in this action.

27. Defendant SOUTHWEST AIRLINES CO. and AIRTRAN AIRWAYS knew that its airplanes were subject to sudden dropping in flight and also knew that passengers aboard its airplanes were likely to be in the rest room of the airplane at the time such dropping occurred. Defendant in the exercise of the degree of care owed by it to its passengers should have anticipated that passengers would be thrown against the washbowls and commodes located therewith.

28. At the time of the dropping of the airplane, plaintiff was in the rest room aboard the plane; the dropping of the airplane caused the plaintiff to be thrown with violent force against the washbowl and commode located therein, and the washbowl and commode were of a hard substance and not covered with any padding of any sort.

29. Although defendant SOUTHWEST AIRLINES CO. and AIRTRAN AIRWAYS knew that passengers were likely to be thrown against the ceiling walls, washbowl and commode located in the plane, it had negligently failed to cover the hard substance of which the ceiling, walls, washbowl and commode were made with any padding. Defendant's negligence was the proximate cause of injuries received by the plaintiff as set out herein.

30 As a proximate result of defendant's negligence, recklessness, carelessness, and unlawful conduct as aforesaid, and by reason of plaintiff hitting her head on the ceiling of the bathroom, plaintiff was hurt and injured in her health, strength, and activity, sustaining a broken neck and many other serious injuries.

*Ferreira v. Southwest Airlines/Complaint*

6

31. As a further proximate result of the negligence of the defendants plaintiff has incurred and will continue to incur medical and related expenses, the full amount of which is now not known. Plaintiff will move to amend this complaint to allege such amount when ascertained.

32. As a further proximate result of the negligence of defendants SOUTHWEST AIRLINES CO. and AIRTRAN AIRWAYS, and its agents and employees, plaintiff was prevented from attending her usual occupation as a school teacher from July 31, 2012 to the date of filing of this complaint and thereby lost earnings.

WHEREFORE, Plaintiff prays judgment as follows:

1. For general damages according to proof.
2. For medical and related expenses according to proof.
3. For loss of earnings according to proof.
4. For costs of suit herein incurred.
5. For such other and further relief as the court may deem proper.

Dated: 07/30/2014

_____
RICHARD SAX, Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

07/30/2014

_____
RICHARD SAX, Attorney for Plaintiff

JS 44 (Rev. 12/12) cand rev (1/15/13)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
YOLANDA FERREIRA

### DEFENDANTS
SOUTHWEST AIRLINES CO., AIR TRAN AIRWAYS, INC. AND DOES 1-10, INCLUSIVE

(b) County of Residence of First Listed Plaintiff     SONOMA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant     FULTON AND DALLAS
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
RICHARD SAX, 448 SEBASTOPOL AVENUE, SANTA ROSA, CA 95401; (707) 525-1824

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☒ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
CALIFORNIA

Brief description of cause:
PERSONAL INJURY BASED ON NEGLIGENCE AGAINST AIRLINE

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
07/30/2014

SIGNATURE OF ATTORNEY OF RECORD
*Richard Sax*

## IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)
*(Place an "X" in One Box Only)*

☑ SAN FRANCISCO/OAKLAND     ☐ SAN JOSE     ☐ EUREKA